IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE:<br><br>ROSALIE AUBREE GUANCIONE,<br><br>Debtor.<br>_____/<br><br>ROSALIE A. GUANCIONE,<br><br>　　　　Plaintiff(s),<br>　v.<br><br>STATE OF CALIFORNIA, et. al.,<br><br>　　　　Defendant(s).<br>_____/ | CASE NOs. 5:14-cv-02541 EJD; 5:14-cv-02542 EJD; 5:14-cv-02543 EJD<br><br>**ORDER DENYING MOTIONS FOR RECUSAL** |

　　　On June 16, 2014, Appellant Rosalie Aubree Guancione ("Appellant") filed certain documents in each of the three cases captioned above which the court has construed as motions for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455.[1]

　　　Under §§ 144 and 455, recusal is appropriate where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonable be questioned." Yagman v. Republic Ins., 987 F.2d 622, 626 (9th Cir. 1993). Such recusal may rest on either "actual bias or

---

[1] Assuming Appellant filed the instant motion pursuant to 28 U.S.C. § 144, this court must pass on the legal sufficiency of the affidavit in the first instance. See Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1388 ("Only after the legal sufficiency of the affidavit is determined does it become the duty of the judge to 'proceed no further' in the case.").

the appearance of bias." Id.  A district judge has a duty to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned" or where "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a), (b)(1).  However, "[f]ederal judges are obligated not to recuse themselves where there is no reason to question their impartiality." New York City Housing Develop. Corp. v. Hart 796 F.2d 976, 980 (7th Cir. 1986).

The court has carefully reviewed Appellant's documents and finds no basis for disqualification based on the list of involved parties identified therein.  In addition, Plaintiff's other contentions fail to describe a valid basis for the undersigned's recusal.  Indeed, the assertion that the undersigned is disqualified due to a purported "self-recusal" in a 2008 state court case has been raised by Appellant before and rejected.[2]  The court rejects it again here.  See Pesnell v. Arsenault, 543 F.3d 1038, 1044 (9th Cir. 2008) (holding that "alleged bias must usually stem from an extrajudicial source."); Guardian Pipeline, L.L.C. v. 950.80 Acres of Land, 525 F.3d 554, 557 (7th Cir. 2008) ("Disqualification is case-specific; the statute does not put a whole subject matter out of bounds to a judge with no concrete investment in a particular dispute.").  Moreover, the fact that Appellant may have named the undersigned in a lawsuit after the case was assigned to this court is not a valid basis for recusal.[3]  See United States v. Studley, 783 F.2d 934, 939-40 (9th Cir. 1986) ("A judge is not disqualified by a litigant's suit or threatened suit against him.").

For these reasons, Appellant's motion for recusal is DENIED.

**IT IS SO ORDERED.**

Dated: July 8, 2014

EDWARD J. DAVILA
United States District Judge

---

[2] See Docket Item No. 63 in Riverwalk Holdings, Ltd. v. Guancione, Case No. 5:12-cv-05748 EJD.

[3] See Docket Item No. 42 in Riverwalk Holdings, in which document the undersigned appears for the first time as a named defendant.

2
CASE NOs. 5:14-cv-02541-EJD; 5:14-cv-02542 EJD; 5:14-cv-02543 EJD
ORDER DENYING MOTIONS FOR RECUSAL